## Croach v. United Mercantile Agencies.

Dec. 5, 1944.

C. A. Wickliffe for appellant.

Henry F. Turner for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellee, United Mercantile Agencies, instituted the suit against appellant, J. W. Croach, seeking to recover judgment in the sum of $1,229.82, with interest from the date of filing of the petition, on three notes held by it as assignee of the City National Bank of Paducah. One of the notes originally was executed and delivered to the Mechanics Trust & Savings Bank of Paducah, and was in the principal sum of $500; another to the First National Bank of Paducah in the principal sum of $150;

the third to the City National Bank in the principal sum of $500. The first and second notes were assigned by the payees to the City National Bank previous to their assignment to appellee.

Appellant admitted the execution of the notes, but denied that he owed any part of either of them. He affirmatively alleged that, at the time the City National Bank went into receivership, which was previous to the assignment of the notes to appellee, he had on deposit in the Bank sufficient money, if applied as a credit on the notes, to offset the obligation. He further alleged that, at the time the Mechanics Trust & Savings Bank failed, he had $1,000 therein on deposit to his credit; and, in addition thereto, had pledged to the Mechanics Bank certain stocks, sufficient in amount, if sold and applied to the debt, to satisfy it. He charged that both banks wrongfully converted to their own use the collateral and amounts due him by reason of his deposits, and pleaded the conversions as a setoff to the claim sued on. The notes were assigned after maturity; therefore, any defense which might have been asserted against the original holders of the notes likewise may be interposed against appellee.

It was admitted that the collateral was placed in the hands of the Mechanics Bank; but it was shown conclusively that it lawfully was sold and applied as a credit on the indebtedness. It was likewise admitted that the deposits, at the time of the closing of the banks, were held by the banks to the credit of appellant. But it was alleged, as an avoidance, that the monies which Croach had deposited to his credit were sums which belonged, not to him, but to the corporation for which he worked, viz., Cohankus Manufacturing Company. That in depositing the money to his credit, appellant did so without right or authority from his company, and was not entitled to any credit as a setoff against the notes. The record does not show specifically the disposition made by the banks of the monies on deposit to the credit of Croach. Appellant contends that, since appellee admitted the funds to have been deposited to his credit, its failure to show the disposition of such sums was fatal to a recovery on the notes sued on. We do not agree with this contention. Appellee proved by a certified public accountant, who had audited the books of the Cohankus Manufacturing Company, that the deposits claimed by

210

Croach were funds which belonged to his company; indeed, appellant himself admitted this in his deposition taken as if under cross-examination. Appellee introduced in evidence the records of two suits filed by the Cohankus Manufacturing Company; one against the Mechanics, the other against the City. In those suits, the plaintiff sought recovery of the deposits credited to appellant's account in each institution. The judgment in each suit showed a settlement to have been made and, by agreement, the suit was dismissed at defendant's cost. From this evidence, it is reasonable to infer the banks paid the deposits to the Cohankus Manufacturing Company, the true owner of the sums on deposit. Appellant was not made a party to either of the suits, but at the time he was a fugitive from justice and his whereabouts were unknown.

Appellant introduced no evidence to sustain his defense, and substantially admitted, in his deposition taken as if under cross-examination, all facts relied on by appellee in avoidance of the defense. Under these circumstances, appellee was not called upon to account to him for the deposits which he pleaded as a setoff to its claim. That being true, the Court properly gave judgment against him for the amount claimed in the petition.

The judgment is affirmed.